**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aequor Healthcare Services LLC, | No. CV-25-04588-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Meda Health LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendant Meda Health, LLC's Motion to Dismiss (Doc. 14). The Motion is fully briefed.

## I.   BACKGROUND

Plaintiff Aequor Healthcare Services LLC operates in the temporary staffing industry. (Doc. 1 ¶ 10.) As part of its business, it maintains the Bullhorn Candidate Database ("BCD"), "a confidential compilation of data containing detailed information for hundreds of thousands of potential Placement Candidates." (*Id.* ¶¶ 12-25.) "Placement Candidates" are individuals that can be used by Aequor to fill roles for their clients. (*Id.* ¶ 10.) Aequor also maintains a database with pricing data ("Pricing Database"). (*Id.* ¶¶ 26-27.)

Defendant Meda Health, LLC is a healthcare staffing company. (*Id.* ¶ 28.) Aequor alleges the existence of a "campaign" by Meda "to actively solicit Aequor's employees . . . for the purpose of gaining an unfair competitive advantage over Aequor by unlawfully obtaining Aequor's confidential and trade secret information." (*Id.* ¶ 33.)

Among the employees that left Aequor and joined Meda are employees Logan Frank, Daniel Neary, and Emily Schuler. (*Id.* ¶ 35.)

Meda and Frank have purportedly been using Aequor's confidential and trade secret information to contact and solicit Aequor's Placement Candidates, in violation of Frank's employment agreement with Meda. (*Id.* ¶¶ 39-40, 45, 54-55.) Aequor specifically alleges that, prior to Frank's resignation, he accessed and copied confidential information, including from the BCD and Pricing Database. (*Id.* ¶ 57.) After his resignation, he accessed confidential information on his company issued laptop "with the intent to copy and retain Aequor's confidential and trade secret information." (*Id.* ¶¶ 59-60.)

On December 8, 2025, Aequor brought suit against Meda and Frank, raising five claims. (Doc. 1.) Two of those claims, Counts III and V, are asserted against only Frank, who was dismissed by this Court on April 20, 2026, for Aequor's failure to prosecute. (*Id.* ¶¶ 107-112, 119-124; Doc. 20.) The remaining claims are brought against Meda only. Counts I and II allege that Meda misappropriated trade secrets in violation of the Defend Trade Secrets Act, 18 U.S. C. §§ 1831-39, and the Arizona Uniform Trade Secrets Act, A.R.S. §§ 44-401-07, respectively. (Doc. 1 ¶¶ 67-106.) Aequor's final claim, Count IV, alleges that Meda tortiously "interfered with Aequor's contractual relationships between it and its former employees, and, upon information and belief, Meda induced Aequor's clients not to enter into or to end their business relationships with Aequor." (*Id.* ¶ 114.)

On February 19, 2026, Meda filed a Motion to Dismiss, moving to dismiss all counts. (Doc. 14.)

## II.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A district court may dismiss claims lacking a cognizable legal theory or sufficient factual allegations to support a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). Sufficient factual allegations are those that, when taken as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citation modified). Plausibility is more than mere possibility; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing the sufficiency of a complaint, the well-pled factual allegations "are taken as true and construed in the light most favorable to the [plaintiff]." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted).

## III.    DISCUSSION

Meda moves to dismiss the claims asserted against it, including Counts I, II, and IV. (Doc. 14.) Meda first argues that this case is barred under the doctrine of res judicata. (Doc. 14 at 2-4.) Meda moves for the dismissal of Aequor's trade secret misappropriation claims due to the existence of a Consent Order that binds Aequor in another case. (*Id.* at 4-8.) The Motion also contends that the applicable statutes of limitations bar Counts III and IV. (*Id.* at 8-11.) Finally, Meda argues that Aequor fails to identify the specific relationships with its clients that serve as the basis for Count IV. (*Id.* at 10-11.) The Court will address each argument in turn.

### A.    Res Judicata

In a prior case, initiated on November 4, 2024, in the District of New Jersey, Aequor asserted claims identical to those in the present case against Meda. *See Aequor Healthcare Servs., LLC v. Meda Healthcare, LLC, et al.*, No. 2:24-cv-10280-EP-AME, at Doc. 1 (D.N.J. Nov. 4, 2024). On October 16, 2025, the District of New Jersey court issued an order granting Meda's Motion to Dismiss. *Id.* at Doc. 36. The basis for the dismissal was the court's finding that it lacked personal jurisdiction over Meda. *Id.* at Doc. 35. The court dismissed the defendants without prejudice and set a thirty-day deadline for Aequor to file an amended complaint. *Id.* at 36. The Order stated that "[i]f an amended complaint [was] not filed within that time, the dismissal [would] become one with prejudice and the Clerk of Court" would close the case. *Id.* Aequor never filed an amended complaint. Meda now argues that the District of New Jersey court's dismissal has therefore become one with prejudice, and that this case should be dismissed under principles of res judicata. (Doc. 14

at 2-4.)

But despite the District of New Jersey court's statement that the dismissal would become one with prejudice, a dismissal is not considered on the merits if the dismissal is based on a lack of jurisdiction. Fed. R. Civ. P. 41(b); *see also Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 396 (1996) (Ginsburg, J., concurring in part and dissenting in part) ("A court conducting an action cannot predetermine the res judicata effect of the judgment; that effect can be tested only in a subsequent action."). The Ninth Circuit has squarely held that "the 'with prejudice' label is not always conclusive for the purpose of res judicata and, indeed, does not equate to an adjudication on the merits when the dismissal is for lack of prejudice." *See Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1168 (9th Cir. 2016). The Order does not have preclusive effect, notwithstanding the New Jersey District court's language.

Still, Meda urges the Court to construe the New Jersey court's Order as a sanction for misconduct. (Doc. 16 at 2.) But this argument is raised for the first time in Meda's reply brief, so the Court will not consider it. *See Turtle Island Restoration Network v. U.S. Dep't of Com.*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are waived.") (internal quotation marks and citations omitted).

The New Jersey District Court's order, which was based on a finding that it lacked personal jurisdiction, does not bar the case before this Court.

**B.    Counts I & II: Misappropriation of Trade Secrets**

Meda moves this Court to dismiss Counts I and II, which are claims that assert violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Arizona Uniform Trade Secrets Act, A.R.S. § 44-401. (Doc. 14 at 4-8.) To maintain its claims, Aequor must allege that it owns its trade secret information and that it derives economic value from the information. *See* 18 U.S.C. § 1836(b)(1); *Enter. Leasing Co. of Phoenix v. Ehmke*, 197 Ariz. 144 (App. 1999); 18 U.S.C. § 1839 (3); A.R.S. § 44-401(4)(a). Meda contends that Aequor has not adequately alleged either of these necessary elements.

The basis of Meda's arguments concern a case filed by Soliant Health, LLC against

Aequor in the Northern District of Georgia. *See Soliant Health, LLC v. Aequor Healthcare Servs., LLC, et al.*, 1:23-cv-02354-LMM (N.D. Ga.). Soliant advanced allegations for trade secret misappropriation that mirror those raised by Aequor against Meda in this case. (Doc. 14 at 4-8.) In a consent order, Aequor submitted to an injunction that barred Aequor's utilization of Soliant's confidential information. (*Soliant Health*, 1:23- cv-02354-LMM, at Doc. 109). Meda's argument is that the asserted trade secret information in this case is the same information that Aequor agreed not to utilize, so Aequor does not own and cannot derive economic value from the trade secret information that serves as the basis for its trade secret misappropriation claims. (Doc. 14 at 4-8.)

Meda's request to dismiss Counts I and II rests on the assumption that the data at issue in the *Soliant* case is the same data at issue in this case. But the Northern District of Georgia court's Consent Order binds only Aequor and Soliant with respect to Soliant's data. In this case, the Complaint raises allegations only with respect to what it purports to be Aequor's BCD and Pricing Database. (*See* Doc. 1 ¶¶ 67-106.) The Consent Order issued by the Northern District of Georgia court only references and bars Aequor's "use [of] Soliant's confidential or trade secret data." (Doc. 109 at 2.) Meda's contention that the datasets are the same is based on the similarities in the allegations raised in the present Complaint and the complaint in the *Soliant* case. (Doc. 14 at 8.) Aequor, however, states that "[t]here is zero overlap between Soliant's enumerated datasets in the decree and the trade secrets asserted here." (Doc. 15 at 10.) The Court will not assume that the datasets in the *Soliant* case and this case are identical. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (holding that at the motion to dismiss stage, "the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party"). Meda's request that Counts I and II should be dismissed, which is based on the applicability of the Consent Order to the trade secret information in this case, is therefore without merit.

The Court finds that Aequor has sufficiently stated claims under Counts I and II. . . . .

### C.    Count III: Computer Fraud and Abuse

Meda argues that "Count III of the Complaint fails and should be dismissed" because it fails to state a claim, "and the statute of limitations bars the claim." (Doc. 14 at 9.) But Count III is only asserted against Defendant Logan Frank, who has been dismissed from this action for Aequor's failure to prosecute. (Docs. 1 ¶¶ 107-112; 17.) Count III, along with Count V, have been dismissed because there is no remaining defendant as to those claims. Meda's arguments with respect to Count III are therefore moot.

### D.    Count IV: Tortious Interference

Meda argues for the dismissal of Count IV, Aequor's claim for tortious interference. (Docs. 1 ¶¶ 113-18; 14 at 11-12.) Aequor's claim for tortious interference proceeds in two parts. First, Aequor makes allegations with respect to Meda's purported interference with the contractual relationship between Aequor and its former employees. (Doc. 1 ¶¶ 113-18.) In particular, Aequor alleges "Meda interfered with Aequor's contractual relationships between it and its former employees," particularly "by using information obtained from former Aequor employees in violation of the former Aequor employees' post-contractual obligations to Aequor." (*Id.* ¶ 114.) Second, Aequor raises allegations concerning Meda's interference with the contractual relationship between Aequor and its clients. (*Id.* ¶¶ 113-18.) Specifically, Aequor alleges "Meda induced clients not to enter into or to end their business relationships with Aequor" when it "made the unlawful solicitations to Aequor's current and/or prospective clients by using information obtained from former Aequor employees." (*Id.* ¶ 114.) With respect to the allegations that Meda interfered with the contractual relationships between Aequor and its employees, Meda raises a statute of limitations argument. (Doc. 14 at 10.) Meda also contends that Aequor does not state a claim that Meda interfered with the contractual relationships between Aequor and its clients. (*Id.* at 10-11.)

Meda argues that the applicable statute of limitations has lapsed, specifically with respect to the part of Aequor's claim that alleges interference with "Aequor's contractual relationships between it and its former employees." (Docs. 14 at 10; 1 ¶ 114.) Aequor

asserts that the statute of limitations for Aequor's tortious interference claim is two years. (Doc. 14 at 10 (citing *Clark v. Airesearch Mfg. Co. of Ariz., Inc.*, 138 Ariz. 240, 243-44 (App. 1983)).) The employees, Logan Frank and Daniel Neary, are alleged to have left Aequor in July 2023 and December 2023. (Doc. 1 ¶¶ 37-38.) The Complaint was filed on December 8, 2025. (Doc. 1.) Aequor does not respond to the argument. (*See* Doc. 15.) Its "failure to do so serves as an independent basis upon which to grant [the] motion." *Currie v. Maricopa Cnty. Cmty. Coll. Dist.*, No. CV-07-2093-PHX-FJM, 2008 WL 2512841, at *2 n.1 (D. Ariz. 2008). The Court will dismiss Aequor's tortious interference claim (Count IV) to the extent that it alleges interference with its contractual relationship with its former employees. The Court will grant leave to amend, since the defect is curable. *See Unified Data Servs., LLC v. FTC*, 39 F.4th 1200, 1208 (9th Cir. 2022) ("[W]e have repeatedly instructed that leave to amend should be given, even sua sponte, if amendment could cure a pleading defect.").

Meda also argues that Aequor does not sufficiently state a tortious interference claim with respect to the contractual relationships between it and its clients because Aequor does not allege Meda knew of the contractual relationships between Aequor and its clients and because Aequor does not identify the relationship with which Meda interfered. (Doc. 14 at 10-11.) The Court finds that Aequor adequately alleges Meda's knowledge of the clients relationships, as the Complaint states Aequor sent a letter on May 31, 2026, apprising Meda of Aequor's contractual relationships with its clients. (Doc. 1 ¶¶ 41-43.) Moreover, although Meda contends that Aequor's description of the client relationships at issue is too vague, the Court will not require Aequor to specifically name the clients with which it has contracted with, especially since those names constitute the purported trade secret information at issue in this case. Aequor need only demonstrate that it "*can* identify the specific relationship with which the defendant interfered." *Dube v. Likins*, 216 Ariz. 406, 414 (App. 2007) (emphasis added), and it has done so by alleging that "Meda induced Aequor's clients not to enter into or to end their business relationships with Aequor," (Doc. 1 ¶ 114.) The Court will sustain Aequor's claim for tortious interference (Count IV),

but only to the extent it alleges Meda interfered with Aequor's contractual relationships with its clients.

**IV.    CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant Meda's Motion to Dismiss (Doc. 14) is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted only to the extent it seeks the dismissal of Plaintiff's allegations under Count IV that Defendant tortiously interfered with Plaintiff's contractual relationships with its employees. The remaining claims in this action are Counts I, II, and IV.

**IT IS FURTHER ORDERED** that, by **June 29, 2026**, Plaintiff may file an amended complaint that cures the defect identified in this Order.

**IT IS FINALLY ORDERED** that a Rule 16 Scheduling Conference will be set by separate order.

Dated this 28th day of May, 2026.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge